Miles F. McDonald, J.
This is a proceeding by petitioner tenant pursuant to article 78 of the Civil Practice Act, to review the determination of the Temporary State Housing Rent Administrator and for an order directing thé respondent to reinstate the maximum rent for petitioner’s apartment.
The basic issue presented is whether at the time petitioner rented his apartment, the premises were decontrolled pursuant to paragraph (i) of subdivision 2 of section 2 of the State Residential Rent Law (L. 1946, ch. 274, as amd.) and subdivision 12 of section 9 of the State Rent and Eviction Regulations. The record reveals that the subject building contains two floors and a finished basement. The certificate of occupancy provides for a two-family house. However, prior to petitioner renting his second floor apartment on October 1, 1953, the basement had been occupied by other tenants, though vacant at the time of the renting to petitioner, and rented again to another family after petitioner took possession. Thereafter, as a result of a violation placed against the premises for the illegal occupancy of the basement apartment, the basement tenant vacated from the premises. The record fails to reveal whether the landlord has complied with the order of the Department of Housing and Buildings to restore the premises to its original use.
Subdivision 12 of section 9 of the State Rent and Eviction Regulations, pertaining to premises not subject to rent control, provides that ‘ ‘ Housing accommodations in one- or two-family houses which are or become vacant on or after April 1, 1953 ” are decontrolled. While it is true that the certificate of occupancy issued is for a two-family house, nevertheless physically it had been illegally converted into a three-family house. It has been held that under such circumstances it may not be considered as a two-family house in a proceeding of this nature (Matter of Levy v. McGoldrick, 279 App. Div. 940; Matter of Jaffe v. McGoldrick, 116 N. Y. S. 2d 901). The premises did not remain a two-family house after the illegal conversion. When the Legislature decontrolled one- and two-family homes, it intended not only premises occupied by two families but those *983 which were intended to be occupied as such. It could not have been the intention to favor those owners who disregard the law and rent legal two-family dwellings as multiple dwellings by decontrolling such buildings and retain control over bona fide multiple dwellings. To do so would be in effect rewarding an illegal act. The landlord here clearly established his lack of good faith by his subsequent renting of the basement apartment to a third family and creating an illegal condition.
Accordingly, the petition is granted and the respondent directed to reinstate the proper registered rent.
Settle order on notice.