Harold J. Crawford, J.
This is an article 78 proceeding to review and annul the determination of respondent affirming the order of the Local Bent Administrator denying petitioners’ application for a certificate of eviction.
The premises in question are a legal two-family house. Petitioners took title thereto on December 29, 1958, at which time the basement, formerly occupied by the prior owner, was vacant, had been vacant since July of 1958 and has remained vacant to date. The basement contains three rooms, a stall shower and toilet, but no sink or stove. Those facilities do not constitute a ‘ ‘ self-contained family unit ’ ’, as defined in subdivision 1 of section 11 of the State Bent and Eviction Begulations. The male petitioner states in his affidavit that:
“We never, at any time, intended nor will we in the future, rent, lease or otherwise cause the basement to be occupied by a third party. Our sole purpose is to enjoy the top floor (second floor) for our own living and to use the basement for our own convenience and comfort.
“ In order to accomplish our purpose, we are willing, if need be, to take out any or all of the facilities now existing in the basement.”
The examiner in the office of the Local Bent Administrator expressly found that the landlords were proceeding in good faith. Denial of their application was based upon their failure to establish immediate and compelling necessity, the premises being treated as a three-family dwelling at least insofar as the tenant sought to be evicted was concerned since the basement was being occupied by the prior owner at the time that tenant became such.
The petition is granted and the order of respondent is annulled. While illegal use, past or present, of a third apartment in a legal two-family dwelling rightfully results in a landlord’s being prevented from successfully urging the legal *893 two-family status of the premises for the purpose of obtaining a certificate of eviction or otherwise (e.g., see Matter of Levy v. McGoldrick, 279 App. Div. 940; Matter of Sobel v. McGoldrick, 9 Misc 2d 981; Matter of Jaffe v. McGoldrick, 116 N. Y. S. 2d 901), a subsequent owner, proceeding in good faith, should not be prevented from doing so when no illegal use of a third apartment is being or has been made by him or anyone else during his ownership, when intention to do so is expressly disclaimed and when the facilities in question do not constitute a self-contained family unit.
Submit order.